UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOHN BROOMFIELD,            ) | |
|                             ) | |
| Plaintiff,                  ) | |
|                             ) | |
| vs.                         ) | CAUSE NO.: 1:04-CV-361-TS |
|                             ) | |
| ALLEN COUNTY JAIL, et al.,  ) | |
|                             ) | |
| Defendants.                 ) | |

**OPINION AND ORDER**

John Broomfield submitted a Complaint under 42 U.S.C. § 1983, alleging that the Defendants, the Allen County Jail, the Jail Commander, the State of Indiana, Mayor Graham Richards, and two allen county jail officers, violated his constitutional rights while he was confined at the Allen County Jail. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss,

> no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

The Plaintiff was confined at the jail as a pre-trial detainee. The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Robinson v. Moses*, 644 F. Supp. 975 (N.D. Ind. 1986), but "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988).

The Plaintiff says that on June 6, 2004, he was in a holding tank after seeing the dentist. He contends that Officer Perry told him to "Shut the fuck up" and the Plaintiff "replied in the same manner." As a result of his response, he was taken to deadlock. He alleges that the Defendants violated the Eighth Amendment's cruel and unusual punishments clause when they placed him in an cell for six days without running water so that he could not brush his teeth or wash his face, denied him phone and visitation privileges, did not provide toilet paper for two days, denied him recreation, did not provide books, and, for ten days, served him cold food. (Comp. at 3–4).

## DISCUSSION

The Plaintiff claims that he was placed in conditions which violated his civil rights because they constituted cruel punishment. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment requires

that prison officials ensure that inmates receive adequate food, clothing, and shelter, *Farmer*, 511 U.S. at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of constitutional violations, *Adams v. Pate*, 445 F.2d 105, 108–09 (7th Cir. 1971). "Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. To state a claim under the Eighth Amendment, (a plaintiff) must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for (his) welfare in the face of serious risks." *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) (citations omitted).

Although the conditions described were likely unpleasant, the Plaintiff was not injured as a result of any of the conditions and was not denied the minimal civilized measure of life's necessities. The fact that the Plaintiff was in a cell that had no running water does not state a claim. The Plaintiff does not allege, nor would it be reasonable to infer from this Complaint, that he was denied water altogether. He alleges only that he did not have running water in his cell and that he was not able to wash his face or brush his teeth for a six days. *See Harris v. Fleming*, 839 F.2d 1232, 1234–36 (7th Cir. 1988) (finding that denial of soap, toothbrush, and toothpaste for ten days and without allegation of physical injury did not state an Eighth Amendment claim).

The denial of toilet paper for two days was a temporary inconvenience. *See Harris*, 839 F.2d at 1234–36 (five days without toilet paper did not state a claim under Eighth Amendment).

The denial of telephone privileges and visitation for ten days was not an extreme deprivation amounting to constitutional violation. *See Wrinkles v. Davis*, 311 F. Supp.2d 735, 741 (N.D. Ind. 2004) (finding that no access to telephones for fifty-five days was not sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities); *Hadley v. Peters*, 841 F. Supp. 850, 858 (C.D. Ill.1994), *aff'd*, 70 F.3d 117 (7th Cir.1995) (holding that denial of the use of the telephone for ten days was not cruel and unusual punishment); *Smith v. Godinez*,

3

1993 WL 135450, at *4 (N.D. Ill. Apr. 29, 1993) (holding that "30-day suspension of visitation privileges does not even arguably constitute a 'serious deprivation of basic human needs'").

The Plaintiff's allegation that he was not given any books to read is inadequate to state a claim under the Eighth Amendment because denial of reading material is not a deprivation of "basic human needs" or "life's necessities." *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 n.8 (7th Cir.1996) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

"[S]hort-term denials of exercise may be inevitable in the prison context and are not so detrimental as to constitute a constitutional deprivation." *Wrinkles*, 311 F. Supp. 2d at 742 (collecting cases). Moreover, the Plaintiff does not allege that denial of "recreation" meant that he was unable to exercise at all. *See Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) ("[The plaintiff] claims only to have been deprived of yard or recreation time, not all exercise. In modern prisons the denial of recreation time may deprive inmates of many desirable, entertaining diversions the lack of which would not raise a constitutional issue.").

The Plaintiff does not allege that the "cold food" he received was nutritionally inadequate or caused him to become ill. *See French v. Owens*, 777 F.2d 1250, 1255 (7th Cir.1985) (holding that, under the Eighth Amendment, prisoners are entitled to nutritionally adequate food that is prepared and served under conditions that do not present an immediate danger to the health and well being of the inmates).

The conditions of confinement alleged by the Plaintiff are not, under an objective standard, sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities. The Plaintiff's Complaint does not state the deprivation of a federal right.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(b)(1).

**SO ORDERED** on May 3, 2005.

                                                 s/ Theresa L. Springmann  
                                                THERESA L. SPRINGMANN  
                                                UNITED STATES DISTRICT COURT